THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v. DAVID DE MAIO, Appellant.

*Crimes — murder in first degree — trial — evidence — erroneous charge
and erroneous interference of court with examination by counsel dis-
regarded in view of convincing evidence of guilt.*

A trial judge may properly interrupt at times to clear up obscure
points, but subject to the applicable rules of evidence counsel ordinarily
ought to have a fair opportunity to examine in his own way the client
or witness whom he has placed upon the stand. It is the province of
cross-examination to correct any omissions of which counsel may be
guilty in bringing out the facts or to test the accuracy of the witness.
Possible errors will be disregarded, however, where the evidence of
defendant's guilt is so convincing that it is certain that the result of
the trial was not changed by them.

(Argued May 26, 1926; decided July 9, 1926.)

APPEAL from a judgment of the Supreme Court ren-
dered November 27, 1925, at a Trial Term for the county
of Westchester upon a verdict convicting the defendant
of the crime of murder in the first degree.

*Theodore H. Lord* and *William L. Moran* for appellant.
*Arthur Rowland, District Attorney,* for respondent.

PER CURIAM. The trial justice committed error in
part of his charge relating to corroborative evidence.
Claim has also been made that by constant interruptions
he unduly interfered with the direct examination by
defendant's counsel of his client. The trial judge may
properly interrupt at times to clear up obscure points
but subject to the applicable rules of evidence counsel
ordinarily ought to have a fair opportunity to examine
in his own way the client or witness whom he has placed
upon the stand. It is the province of cross-examination
to correct any omissions of which counsel may be guilty
in bringing out the facts or to test the accuracy of the
witness. If the case were at all close these contentions
would require careful consideration. The evidence of
defendant's guilt, however, is so convincing that we feel
certain that the result of the trial was not changed by
them and, therefore, we disregard them.

The judgment of conviction should, therefore, be affirmed.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur; LEHMAN, J., absent.

Judgment affirmed.